UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH W. BERNISKY <br><br> Plaintiffs, <br><br> v. <br><br> BAYLOR TRUCKING, INC., BAYLOR LEASING, INC., and ROBERT BAYLOR, individually <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.: 2:06-CV-6246 |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendants Baylor Leasing, Inc. ("Baylor Leasing") and Robert Baylor ("Baylor") to dismiss the complaint of Plaintiff Joseph W. Bernisky ("Bernisky" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of jurisdiction. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submission of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted.**

## BACKGROUND

*Procedural History*

Plaintiff commenced this action against Baylor Leasing, Baylor and remaining Defendant Baylor Trucking, Inc. ("Baylor Trucking") alleging breach of contract, unjust enrichment, fraudulent /negligent misrepresentation, breach of the implied covenant of good faith and fair dealing and violation of the New Jersey Wage Payment Law for failure to pay commission fees

to Bernisky.

Plaintiff filed his Complaint on November 3, 2005, alleging that Baylor Trucking owed him commission-based compensation in an amount over $100,000. Bernisky then amended his Complaint, on November 15, 2006, to include Baylor and Baylor Leasing as new Defendants. On December 20, 2006, pursuant to 28 U.S.C. § 1441, this action was removed to this Court.

Baylor and Baylor Leasing now move before this Court to dismiss Bernisky's Complaint for lack of subject matter jurisdiction or, alternatively, to transfer this matter to the appropriate federal forum in the District of Indiana pursuant to 28 U.S.C. § 1404.

*Factual History*

Bernisky is a resident of the State of New Jersey and conducts the majority of his business in this state. Baylor Trucking hired Bernisky in the State of Indiana. Bernisky both interviewed for this position in and paid taxes to the State of Indiana. Bernisky's W-2 and Tax Statement for 2004 list his employer as Baylor Leasing.

Baylor Leasing is based in the State of Indiana where it conducts the majority of its business. Baylor Leasing does not conduct any business or advertise in the State of New Jersey. They are not registered to conduct any business in this state. Baylor Leasing functions as a common paymaster for Baylor Trucking, whereby Baylor Leasing pays certain wages to individuals in order to maintain a confidential payroll system.

Robert Baylor is the president of Baylor Trucking and Baylor Leasing. He is a citizen and resident of the State of Indiana. Baylor does not maintain an office, have a bank account or own any real property in the State of New Jersey.

**ANALYSIS**

*Personal Jurisdiction*

It is a well established judicial principle that a federal court is a court of limited jurisdiction and may only hear cases when the constitution grants it the power to do so. A federal court must have personal jurisdiction over a defendant so as to "not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington 326 U.S. 310, 316 (1945). A plaintiff must affirmatively establish proof of personal jurisdiction by a preponderance of the evidence to satisfy due process. Gen. Elec. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). Absent this proof, a court cannot exercise jurisdiction over a defendant regardless of the existence of subject matter jurisdiction in the suit.

Personal jurisdiction is established when a defendant has contact with a forum state and can be divided into two types depending on the amount of contact that exists. General jurisdiction requires a "rigorous" burden of proof whereby a plaintiff must show that a defendant's contacts are continuous and substantial. Giangola v. Walt Disney World Co., 753 F.Supp. 148, 154 (D.N.J.1990). General jurisdiction exists only where a defendant has engaged in substantial, continuous and systematic activities within the forum state. Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952).

Specific jurisdiction exists where a "defendant purposefully avails itself of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Specific jurisdiction requires only minimum contact with the forum state but the contact must be related to the lawsuit. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985).

Personal jurisdiction does not exist over Baylor Leasing. Bernisky has not met his "rigorous" burden of proof and established that Baylor Leasing's contacts with the State of New Jersey rose to the level necessary to establish general jurisdiction. Baylor Leasing did not have continuous and systematic contact with New Jersey because Baylor Leasing does not conduct any business or advertise in NJ. Bernisky fails to establish specific jurisdiction over Baylor Leasing since the events that gave rise to this lawsuit did not concern Baylor Leasing, but only concerns Baylor Trucking.

Bernisky argues that because Baylor Leasing serves as a common paymaster to Baylor Trucking as defined pursuant to N.J.A.C. § 12:6-12.2 (2007), that all of the contacts that Baylor Trucking has with the State of New Jersey should extend to Baylor Leasing. This reasoning, however, finds no support in the law. Pursuant to §12:6-12:2, a company is a common paymaster when "two or more related entities concurrently employ the same individual" with the common paymaster dispensing wages to employees from both companies. N.J.A.C. §12:6-12.2 (2007).

While the liability of a common paymaster to suits brought by employees of the second entity has only been addressed in a limited number of cases, the prevailing view among courts is that a "common paymaster" must have more substantial contacts with the forum state than simply paying wages. See Gaul v. Zep Manufacturing Company, 2004 WL 1171210 (E.D.Pa. 2004) (noting that a Pennsylvania Federal Court rejected personal jurisdiction over a parent company who issued paychecks); Ryan Trans. Serv., LLC v. Fleet Logistics LLC 2005 WL 2708344 (D. Kan. 2004) (noting that a company whose principle place of business was Ohio and

-4-

only served as a paymaster and billing monitor did "not 'represent an effort by the defendant to purposefully avail itself to the privilege of conducting activities within the forum state.'").

Personal jurisdiction does not exist over defendant Robert Baylor either. When asserting jurisdiction over a corporate official, courts may consider an individual's actions in their corporate capacity. Donner v. Tams- Whitmark Music Library 480 F.Supp. 1229, 1234 (E.D. Pa. 1979). A person, however, is not automatically subject to personal jurisdiction simply because they are a corporate officer. Keeton v. Hustler Magazine, Inc. 465 U.S. 770, 781 (1984). Plaintiff does not establish the necessary minimum contacts with the forum state to justify this Court's exertion of personal jurisdiction over Baylor. Specifically, Plaintiff solely addresses the courts subject matter jurisdiction and fails to address personal jurisdiction, let alone establish it by a preponderance of the evidence.

## CONCLUSION

In keeping with firmly rooted judicial traditions, this Court refuses to extend personal jurisdiction to parties whom have no contact with the forum state. Plaintiff has not met the burden of proof necessary to satisfy due process. Defendants' motion to dismiss is **granted**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh  
    Dennis M. Cavanaugh, U.S.D.J.

Date:         June  29 , 2007  
Orig.:         Clerk  
cc:         The Honorable Mark Falk, U.S.M.J.  
                 File